(8 App. Div. 31)

## ERKSON v. JOHNSTON.

(Supreme Court, Appellate Division, Third Department. July 7, 1896.)

ADVERSE POSSESSION—EVIDENCE.

　　Between the lands of plaintiff and defendant was a strip of wild land owned by one M. It appeared that, from time to time, defendant drove his cattle on such strip, and cut wood therefrom, and he entered into a contract with M. for the purchase of the strip, but the contract was never completed. Afterwards, plaintiff purchased the strip, and inclosed it. *Held,* that such facts would justify a finding that defendant had not acquired title by adverse possession, and therefore, in an action for trespass in cutting down the fence erected by plaintiff, it was error to order a nonsuit.

Appeal from circuit court, Delaware county.

Action by Nancy Erkson against Andrew Johnston for trespass on real estate. Plaintiff was nonsuited, and appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, MERWIN, and PUTNAM, JJ.

C. L. Andrus (I. H. Maynard, of counsel), for appellant.
Walter T. Elliott (E. H. Benn, of counsel), for respondent.

HERRICK, J. This is an appeal from a judgment of nonsuit, directed at the close of the plaintiff's evidence, and from an order denying a motion for a new trial.

Upon an appeal from a judgment of nonsuit, the appellant is entitled to that construction of the evidence which is most favorable to his contention, and to have the benefit of all the inferences which could be legitimately drawn therefrom. McPeak v. Railroad Co., 85 Hun, 108, 32 N. Y. Supp. 647. And, where an answer has been interposed, he is entitled to whatever judgment the evidence, where properly received under the complaint, entitles him to.

The appellant and respondent were both the owners and occupants of real estate, the title to which they derived through a common source. The appellant in 1865 received by conveyance, and has since been in the occupation of, a piece of land, containing about 40 acres, known as a "wood lot," and also another piece of land containing about 102 acres. In 1863 the respondent received by conveyance, and has since been in the occupation of, a piece of land containing about 92 acres. Between the 40-acre wood lot of the appellant and the 92-acre lot of the respondent, there is a rectangular strip of land of between 21 and 22 acres, being wild and uncultivated wood land. The evidence shows that from time to time the respondent drove or permitted his cattle to go upon such land, and from time to time cut wood thereon. Two or three acres thereof had been cleared, it does not appear by whom, and for at least two or three seasons it had been cultivated by the respondent. The title to this rectangular piece of land between appellant and respondent, together with the title to 1,500 or 1,600 acres more of land, had become vested in I. H. Maynard. In 1885, a person in the employ of Mr. Maynard, but as is alleged without authority, entered into a contract on his behalf to convey the piece of

v.40N.Y.S.no.3—26

property in question to the appellant. Shortly thereafter the respondent called upon Mr. Maynard in reference thereto, and expressed his desire to purchase such property, saying that he had always intended to purchase it, and, with a map or maps before them, whereon was designated the land conveyed to the appellant and respondent, respectively, and the strip of land in question, and after several interviews and some correspondence in relation thereto, the respondent entered into a contract with Mr. Maynard to purchase said strip of land, together with some 30 acres in addition thereto. This contract was never completed, because of a disagreement between the respondent and Mr. Maynard as to the location of the additional 30 acres of land. In 1887 Mr. Maynard conveyed to the appellant the rectangular strip of land in question. The appellant thereupon erected a fence between such strip of land and the respondent's 92 acres. The respondent complained to the appellant's husband that he had not been used very well, claiming that he always wanted to get that land, and that the appellant's husband ought to have come and told him before he bought it; admitting that it had been offered to him, and he knew that he ought to have bought it then. After the erection of the fence by the appellant, respondent from time to time tore down portions of it, drove his cattle in upon the land, and cut and carried away timber therefrom.

Upon this state of facts it seems to me that the jury would have had the right to find that the appellant was the owner in fee of the property in question; that the respondent had not by his acts acquired any adverse possession thereto; that his occupation of such premises was only occasional, not exclusive, and never made under a claim of title, but that, on the contrary, he admitted the title thereto to be in the appellant's grantor. They could also have found, under the evidence, that the respondent had cut down and carried away wood and trees from the property of the appellant, and, under such findings, the appellant would have been entitled to maintain an action, under section 1667 of the Code of Civil Procedure, which provides that:

"If any person cuts down or carries off any wood, underwood, tree, or timber, or girdles or otherwise despoils a tree on the land of another, without the owner's leave, or on the common, or other land, of a city, village, or town, without having right or privilege in those lands, or license from the proper officer, an action may be maintained against him, by the owner, or the city, village, or town, as the case may be."

It seems to me, therefore, that the court erred in directing a nonsuit, and that the order and judgment should be reversed, and a new trial granted, with costs to abide the event.

Judgment reversed, and a new trial granted, costs to abide the event. All concur.